IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60167
_____


STEVEN BRAND, All Similarly Situated
Borrowers/Co-Borrowers, And Other,
Does 1-100,

                                        Plaintiff,

versus

NATIONAL BANK OF COMMERCE; ET AL,

                                        Defendants,

NATIONAL BANK OF COMMERCE,

                                        Defendant-Appellant,

versus

SHIRL JENKINS MAYS,

                                        Plaintiff-Appellee.

_____

Appeal from the United States District Court for
the Northern District of Mississippi
(D.C. No. 1:96-CV-8-D-B)
_____
April 11, 2000

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.

REAVLEY, Circuit Judge:[*]

        National Bank of Commerce ("NBC") brings this interlocutory appeal seeking to

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

reverse the district court's grant of class certification. We modify the class certification and affirm as modified.

NBC's primary contention, relying on <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734, 745 (5th Cir. 1996), is that this lawsuit requires individualized proof of fraudulent representations and reliance by each class member. NBC misconstrues the basis for the district court's grant of class certification, none of which require proof of individual representations or reliance. The plaintiff alleges that NBC systematically forced placement of insurance that: 1) exceeded the coverage permitted by the loan agreement; 2) charged borrowers more than the cost of the insurance under a system of kickbacks from the insurer; 3) charged interest on unauthorized excessive premiums; 4) backdated insurance to cover time periods for which there was no risk; and 5) charged premiums based on the amount of the loan but provided coverage on the cash value of the collateral. The complaint alleges that such conduct violates various contractual, common law and statutory duties for which NBC is liable for damages. These are all allegations which do not require proof of individual representations or reliance, and the proof of the allegations do not implicate <u>Castano</u>.

Both in its challenge to the class itself and its challenge of the representative, Mays, NBC repeatedly contends that the issues of individual reliance on representations are the basis for this lawsuit. It is true that the complaint contains allegations of fraud and reliance and that Mays testified that she did not discuss the collateral protection insurance with NBC representatives. This does not mean that the class claims will require such individualized proof, because the viability of the class claims will be determined primarily on the basis of the terms of the loan agreement, the terms of the insurance policies, the existence of a rebate system and NBC's policies regarding

2

collateral protection insurance. Due to the uniformity of these issues and the relatively small damage to each class member, these claims are particularly well suited to class determination.

RULE 23(a) REQUIREMENTS

**Numerosity**: The district court recited from NBC's memorandum in opposition to certification that the proposed class exceeded 1500 persons. This meets the numerosity requirement.

**Commonality**: As is pointed out above, there are several issues of fact which are common to all members of the class. In addition, there are common questions of law concerning whether such facts, if proven true, constitute wrongs for which damages may be awarded.

**Typicality**: Mays was subjected to force-placed collateral protection insurance by NBC. If NBC systematically overcharged for premiums to all class members, then Mays' claims will be the same as those of the other class members with regard to such practices.

**Adequacy of Representation**: Mays' testimony demonstrates that she has a lay person's grasp of the basis for the complaint, which is that she believes NBC engaged in unfair practices when it charged her for collateral protection insurance. Mays has engaged competent counsel to represent the interests of the class. There is nothing to indicate that Mays interests are in conflict with any members of the class. The district court did not abuse its discretion in determining that the class met the requirements of Rule 23(a).

RULE 23(B)(3) REQUIREMENTS

**Predominance**: As indicated above, there are numerous questions of fact and law common to all members of the class. Whether the issues of a common practice of

3

overcharging predominate over questions affecting individual class members is within the discretion of the trial court. NBC argues that claims of RICO and fraud require proof of individual reliance, which defeats the predominance requirement. If the class members could only recover by proving individual reliance, then class certification would be inappropriate. As discussed above, the class action asserts several factual and legal theories that do not require such individualized proof. NBC's repeated contention, unaided by any evidentiary support, fails to demonstrate how the district court abused its discretion in determining that the uniform claims of the class predominate over questions affecting only individual class members.

**Superiority**: The total amount overcharged to each class member appears to amount to less than a few thousand dollars, if that. Accordingly, the cost of litigation of individual claims based upon the alleged common practice renders the individual claims economically unfeasible. The proof of a common practice of charging premiums in excess of the contractually authorized insurance is susceptible to a relatively uniform proof across the entire class. These are precisely the characteristics which render a class action superior to individual claims. If, in the course of the post-certification proceedings, it is demonstrated that a common practice cannot be proven and the class members must prove individual representations and reliance to prevail, then the factors supporting class certification will no longer exist. At the present stage of the litigation, the certification is supported by the claims pleaded on behalf of the class, and the district court was within its discretion to certify the class under Rule 23(b)(3).

RULE 23(B)(1)

The district court certified a compulsory class under Rule 23(b)(1) on the basis that punitive damages should not be granted in multiple actions and that defendants might

4

be subjected to incompatible standards by separate adjudications.

**Incompatible Standards**: The class claims are primarily for damages for systematic overcharging for collateral protection insurance. Rule 23(b)(3) certification, which permits class members to opt out, is the appropriate vehicle for such class actions. Certainly a successful class action for damages against NBC for the alleged course of systematic overcharging will provide sufficient disincentive rendering injunctive and declaratory relief unnecessary. Alternatively, if the action for damages fails, there will be no basis for injunctive or declaratory relief. The inclusion of claims for injunctive and declaratory relief does not change the nature of this action, and permitting Rule 23(b)(1) certification would merely allow parties to artfully plead to obtain compulsory class certification for damage suits.

**Punitive Damages**: Permitting compulsory class certification for punitive damages would render nearly every damage suit a compulsory class action. NBC opposes the compulsory class, indicating its willingness to assume the risk of multiple punitive awards. The ability of individual class members to opt out and pursue separate remedies should be preserved despite the claim for punitive damages in the class complaint.

CONCLUSION

The requirements for class certification under Rule 23(b)(3) have been met, but compulsory class status under Rule 23(b)(1) is inappropriate because this is primarily and action for damages with no likelihood of impairment of interests due to individual adjudication. Accordingly, the class certification is modified to certification only under Rule 23(b)(3).

AFFIRMED AS MODIFIED. CAUSE REMANDED.

5